IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD SAMUEL BERNAT,** | : | **CIVIL NO. 3:14-CV-1546** |
| | : | |
| Petitioner | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT LUTHER,** | : | |
| | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Petitioner Edward Samuel Bernat ("Bernat") a Pennsylvania state inmate commenced this action on August 7, 2014, with the filing of a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). He challenges the Judgment of Sentence entered on March 20, 2008, in Court of Common Pleas of Dauphin County Criminal case number CP-22-CR-842-2007. (Id.)

On September 29, 2014, Respondent filed a partial answer asserting that this Court is prevented from reviewing Bernat's claims due to procedural default. (Doc. 13). Bernat filed a traverse on November 12, 2014. The petition is ripe for disposition and, for the reasons that follow, the petition will be denied.

**I.   Background**

The relevant facts and state procedural history are as follows:

A jury convicted [Bernat] of third-degree murder for the death of his fiancee. Following the denial of [Bernat's] timely post-sentence motion, [Bernat] filed an appeal to [the Superior Court of Pennsylvania ("Superior Court")] in which he raised a claim challenging the discretionary aspects of his sentence. In an unpublished

> memorandum filed on April 1, 2009, [the Superior Court] affirmed [Bernat's] judgment of sentence. Commonwealth v. Bernat, 974 A.2d 1176 (Pa. Super. 2009). [Bernat] did not file a petition for allowance of appeal to our Supreme Court.
>
> On September 16, 2009, [Bernat] filed a *pro se* PCRA petition, in which he claimed that direct appeal counsel was ineffective for failing to file a petition for allowance of appeal, even though counsel had promised to do so. On September 25, 2009, PCRA counsel was appointed, and a supplemental PCRA petition was filed on December 11, 2009. On January 7, 2010, the Commonwealth filed its response. By order entered January 11, 2010, the PCRA court issued its intent to dismiss [Bernat's] PCRA petition without a hearing pursuant to Pa. R. Crim. P. 907.
>
> The certified record . . . contains a letter from [Bernat] to PCRA counsel, dated January 15, 2010, in which [Bernat] asks PCRA counsel to respond to the PCRA court's Rule 907 notice and, if necessary, appeal the PCRA court's decision. A letter from [Bernat] to PCRA counsel dated June 4, 2010, also appears in the certified record. In this letter, [Bernat] informs PCRA counsel that he had yet to receive an official dismissal of his PCRA petition and thus assumed it was still pending. Ultimately, neither PCRA counsel nor [Bernat] filed a response to the PCRA court's notice of its intent to dismiss. By order entered June 7, 2010, the PCRA court dismissed [Bernat's] petition. [Bernat] filed a *pro se* notice of appeal.

Commonwealth v. Bernat, 26 A.3d 1191 (Pa. Super. 2011) (unpublished memorandum).

(Doc. 13-8, pp. 1-2). He raised the following grounds in the appeal:

1.  Was counsel for [Appellant] (after Direct Appeal was affirmed) ineffective, thereby denying him the right to file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, Nunc Pro Tunc, when counsel abandoned [Appellant] after promising (in a letter) to file the requested appeal?

2.  Was PCRA counsel for [Appellant] ineffective when failing to properly raise and pursue Direct Appeal counsel's ineffectiveness, failing to properly amend [Appellant's] PCRA petition, failing to properly communicate with [Appellant], failing to request an evidentiary hearing, failing to seek a proper withdraw of counsel under Turner/Finley and then abandoning [Appellant] when an arguably meritorious issue was clearly present on the record?

3.  Did the PCRA court err as a matter of law and fact by failing to reinstate [Appellant's] Direct Appeal right to file an [Allowance] of Appeal, Nunc Pro Tunc, when the evidence was clear for reinstatement of those rights (counsel's

>letter stating that he would file such an appeal), minus [sic] an evidentiary hearing where an arguably meritorious issue was clearly present on the record?

(Doc. 17, p. 8 (citing Appellant's brief)). At that time, Bernat also sought removal of current PCRA counsel and appointment of a new PCRA counsel. (Doc. 13-8, p. 2; Doc. 17, pp. 8, 9). The Superior Court never reached the issues on appeal but, instead, remanded the matter to the PCRA court for a determination of whether Bernat wished to proceed *pro se* on appeal. (Id.) The Superior Court did not vacate the prior order dismissing the PCRA petition. (Id.) Rather, it instructed the PCRA court as follows: "[I]n accordance with [Commonwealth v. Robinson, 970 A.2d 455 (Pa. Super. 2009 (*en banc*)] we remand for an on the record colloquy to determine if [Bernat] wishes to proceed *pro se* in this appeal. If [Bernat] does not desire to do so, counsel of record must either assist [him] in his appeal from the denial of post-conviction relief or seek to withdraw pursuant to the dictates of Turner/Finley." (Id. at pp. 2-3).

The following occurred on remand to the PCRA court:

>On July 11, 2011, a hearing was held at which it was determined that [Bernat] did not wish to proceed *pro se*; but, that [he] did want new counsel. Accordingly, the PCRA court appointed new counsel for [him]. On August 9, 2011, PCRA counsel filed a motion to withdraw pursuant to Turner/Finley, which the PCRA court granted on August 11, 2011. In the same order, the PCRA court again gave [Bernat] notice of its intent to dismiss his petition pursuant to Pa.R.Crim.P. 907.3. Subsequently, [Bernat] commenced with a string of *pro se* filings. These included a motion to appear *pro se*, a motion for pretrial discovery, a motion for leave to amend his PCRA petition, as well as an amended PCRA petition. The PCRA court granted [Bernat's] motion to amend his PCRA petition and acknowledged his amended petition on September 6, 2011. On September 8, 2011, the PCRA court denied [his] motion for pretrial discovery. [Bernat's] motion to appear *pro se* was granted on September 14, 2011. Once again, the PCRA court gave [him] notice of its intent to dismiss his petition pursuant to Pa.R.Crim.P. 907 on November 22, 2011.

(Id. at pp. 3-4).  Bernat responded to the notice of intent to dismiss.  On January 25, 2012, the PCRA court dismissed [his] petition for the second time. (Id.)  A timely notice of appeal followed; Bernat pursued the following issues on appeal:

> 1. Did the PCRA [c]ourt err by finding that [A]ppellant waived a claim of ineffective assistance of counsel in his Amended PCRA petition?
>
> 2. Did the PCRA [c]ourt err by not finding that [A]ppellant's trial counsel was ineffective for failing to provide constitutionally adequate representation during the plea bargaining stage of the criminal proceedings?
>
> 3. Did the PCRA [c]ourt err by not finding [A]ppellant's appointed PCRA counsel ineffective for failing to review the record thoroughly and for not raising issues of prejudice and ineffective assistance of counsel exhibited by Appellant's trial counsel?
>
> 4. Did the PCRA [c]ourt err by not finding [A]ppellant's trial counsel ineffective in representing [A]ppellant during the jury instruction stage of the criminal proceedings and for failing to object when the Court asked if there were any exceptions to the charge by the Commonwealth?
>
> 5. Did the PCRA [c]ourt err by dismissing [A]ppellant's Amended PCRA petition and his Motion for Reconsideration of Amended PCRA petition when there was *prima facie* evidence presented by . . . Appellant that revealed that a miscarriage of justice may have occurred and that an evidentiary hearing should have been ordered in the [l]ower [c]ourt to determine the rationale of [A]ppellant's trial counsel and PCRA counsel during their representation of [A]ppellant?

(Id. at 4-5).  The Superior Court declined to address the merits of the claims, finding that Bernat's amended PCRA petition was an untimely second or subsequent petition.  (Doc. 13-8, pp. 5-8).  Alternatively, the court concluded that "[e]ven if he had [plead or proven an exception to the PCRA's one-year filing requirement], we would still be unable to address the additional issues it presents, as, 'when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the

4

pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review.' Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000)." (Id. at 6, 7). The order of the PCRA court was affirmed. (Id. at 8). Bernat filed a petition for allowance of appeal. The Supreme Court of Pennsylvania denied the petition on December 30, 2013. Com. v. Bernat, 623 Pa. 759, 83 A.3d 413 (2013) (Table).

Bernat filed the instant petition on August 7, 2014. (Doc. 1).

**II.   Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, the state courts must have the first opportunity to redress any claimed violation of a habeas petitioner's federal rights. Picard v. Connor, 404 U.S. 270, 275–76 (1971). The habeas statute codifies this principle by requiring that a petitioner exhaust the remedies available in the courts of the State, 28 U.S.C. § 2254(b)(1)(A), meaning a state prisoner must "fairly present" his claims in "one complete round of the state's established appellate review process," before bringing them in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (stating "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process); see also Duncan v. Henry, 513 U.S. 364, 365 (1995);

Picard, 404 U.S. at 275 (1971); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir.1997). Significantly, before a federal court can review the merits of the grounds for relief contained in a state prisoner's habeas petition, it must determine whether he has met the requirements of exhaustion. Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

"Fairly presenting" a federal claim to the state courts requires the petitioner to present both the factual and legal substance of the claim in such a manner that the state court is on notice that the federal claim is being asserted. See McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir.1999). Citations to the Constitution or to federal case law can provide adequate notice of the federal character of the claim. Evans v. Court of Common Pleas, 959 F.2d 1227, 1232 (3d Cir. 1992). A petitioner may also alert the state courts through "reliance on state cases employing [federal] constitutional analysis in like fact situations," or "assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution." Id. Thus, a federal claim may be fairly presented to the state courts even when the petitioner makes no express reference to federal law. McCandless, 172 F.3d at 261.

The federal claims raised in the state courts need not be identical to the claims pursued in federal court. See Picard, 404 U.S. at 277 (recognizing that petitioner is entitled to

6

"variations in the legal theory or factual allegations used to support a claim"). But, the exhaustion requirement would "serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts." Id. at 276. A petitioner has exhausted a federal claim only if he or she presented the "substantial equivalent" of the current claim to the state court. Id. at 278; see also McCandless, 172 F.3d at 261 (holding that petitioner must present both "factual and legal substance" of claim to state courts).

If a petitioner fairly presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. See Coleman, 501 U.S. at 750; Harris v. Reed, 489 U.S. 255, 260–64 (1989). A petitioner can avoid the bar by showing "cause for the default and prejudice attributable thereto," or by "demonstrat[ing] that the failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262 (1989). To demonstrate "cause" for a procedural default, a petitioner must point to some objective external factor which impeded his efforts to comply with the state's procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied only if he can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law. See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993).

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," Murray, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a

7

fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

Bernat seeks relief on the following grounds:

Ground One: The ineffectiveness of Bernat's trial counsel during his trial proceedings violated his Sixth Amendment rights.

Ground Two: Petitioner was denied his right to effective representation because his trial counsel was ineffective during the plea bargaining phase of proceedings.

Ground Three: Petitioner's appointed PCRA counsel was ineffective in his representation for not throughly [sic] reviewing the record and for not raising trial counsel's ineffectiveness.

Ground Four: Bernat's trial counsel was ineffective during the direct appeal proceedings thereby violating his Sixth Amendment right to effective representation.

(Doc. 1, pp. 5-11).

### A.    **Grounds One, Two and Three**

Bernat presented Grounds One and Two, trial counsel's ineffectiveness during the plea bargaining phase of his criminal proceedings and his trial, and Ground Three, the issue

of PCRA counsel's ineffectiveness in failing to review the record thoroughly and for not raising the ineffective assistance of trial counsel, in his second PCRA.  However, on appeal, the claims were reconfigured.  Trial counsel's ineffectiveness during the plea bargaining phase was presented as "[d]id the PCRA [c]ourt err by not finding that [A]ppellant's trial counsel was ineffective for failing to provide constitutionally adequate representation during the plea bargaining stage of the criminal proceedings?"  (Doc. 13-8, p. 4).  The ineffectiveness during trial was restructured to read "[d]id the PCRA [c]ourt err by not finding [A]ppellant's trial counsel ineffective in representing [A]ppellant during the jury instruction stage of the criminal proceedings and for failing to object when the Court asked if there were any exceptions to the charge by the Commonwealth?"  (Id.)  And, the ineffectiveness of PCRA counsel, was phrased as "[d]id the PCRA [c]ourt err by not finding [A]ppellant's appointed PCRA counsel ineffective for failing to review the record thoroughly and for not raising issues of prejudice and ineffective assistance of counsel exhibited by Appellant's trial counsel?"  (Id.)  Consequently, the ineffective assistance of counsel claims are unexhausted and procedurally defaulted.  See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (finding that when a habeas petitioner has failed to exhaust a claim and it is clear that the state courts would not consider the claim the claim because of a state procedural rule, the claim is procedurally defaulted.)

Even had Bernat exhausted the claims, the claims would still be considered procedurally defaulted based on the state court's determination that his amended PCRA petition constituted an untimely second or successive petition.  The Superior Court

specifically states as follows:

> Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S. §§ 9545(b)(1)(i), (ii), and (iii), is met. See Commonwealth v. Gamboa–Taylor, 753 A.2d 780, 783 (Pa.2000); 42 Pa.C.S. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." Id. at 783. See also 42 Pa.C.S.A. § 9545(b)(2).
>
> Instantly, Appellant did not plead or prove any exception to the PCRA's one-year filing requirement in his, clearly untimely, "amended" *pro se* petition. Even if he had, we would still be unable to address the additional issues it presents, as, "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000).

(Doc. 13-8, pp. 5-8) (footnotes omitted). It is clear that the Superior Court's refusal to consider the claims was based on independent and adequate state rules and that the rules speak in unmistakable terms. As such, the claims are procedurally defaulted and federal review is barred.

As noted *supra*, a petitioner can avoid the bar by showing "cause for the default and prejudice attributable thereto," or by "demonstrat[ing] that the failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262. In attempting to excuse the default, Bernat relies on Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012), which holds as follows:

> Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or

10

> with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim. From this it follows that, when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf.  Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (describing standards for certificates of appealability to issue).

Id. at 1318-19. Martinez is limited to those instances where the procedural default is attributable to collateral proceedings counsel's conduct.  In the matter *sub judice*, the procedural default is wholly attributable to Bernat.  By way of background, despite being represented by PCRA counsel, he chose to file the appeal of the denial of his first PCRA petition with the Superior Court *pro se*.  As noted *supra*, the Superior Court remanded the matter to the PCRA court solely to determine whether he wished to proceed *pro se* or continue with counsel for purposes of the appeal.  During a July 11, 2011 hearing held by the PCRA court, Bernat indicated that he did not wish to proceed *pro se*.  Instead, he wanted new counsel.  New counsel was appointed.  However, a month later, PCRA counsel filed a motion to withdraw pursuant to Turner/Finley, which the PCRA court granted on August 11, 2011.  Bernat then filed a string of *pro se* documents including a motion to appear *pro se*, a motion for leave to amend the PCRA petition, and an amended PCRA petition. The PCRA court granted his motion to amend and acknowledged his amended petition on September 6, 2011.

On September 14, 2011, his motion to appear *pro se* was granted and Bernat continued *pro se*.

Despite having been twice appointed counsel, Bernat chose, at his own peril, to proceed *pro se* at various critical stages of the collateral proceedings. It is clear that any procedural default is attributable to him, not his first or second PCRA counsel. Because he has failed to demonstrate, cause or prejudice, and has not indicated that a fundamental miscarriage of justice will occur as a result of this Court's failure to review his claim, review of the claims is precluded.

### B.     Ground Four

Ground Four, the ineffectiveness of Bernat's trial counsel during the direct appeal proceedings, was presented to the Superior Court during the appeal from the June 7, 2010 denial of his first PCRA petition. (Doc. 17, p. 8). However, the Superior Court declined to address the merits based on their conclusion that the claim was abandoned. The Superior Court opined as follows:

> At the outset, we observe that the merits of Appellant's claims in his first appeal were never addressed, and this case was remanded [to the PCRA court] for the sole purpose of determining whether Appellant wished to proceed *pro se* for the purpose of arguing those issues. Moreover, while the prior panel of this Court remanded the case to the PCRA court, they did not vacate the PCRA court's original order dismissing Appellant's original PCRA petition. Because this order was not vacated, Appellant's initial PCRA petition remained "dismissed," and could not be amended. See Commonwealth v. Figueroa, 29 A.3d 1177, 1182–83 (Pa.Super. 2011) ("Should Appellant decide that he does not wish to continue representing himself, new counsel must be appointed. If counsel is appointed, counsel must enter his appearance and request that this Court vacate the PCRA order so that an amended petition may be filed below, in which case we will relinquish jurisdiction.")

12

\*\*\*

> [A]ppellant has not briefed any of the issues he presented while on appeal the first time . . .   Because Appellant no longer argues or attempts to advance the claims presented in his first appeal, we must conclude that he has abandoned the only issues properly preserved for our review.  See Commonwealth v. Nelson, 567 A.2d 673, 676 (Pa. Super.1989) ("We are required to deem those issues identified on appeal but unsupported by argument in the brief to have been abandoned.").

(Doc. 13-8, pp. 5-8) (footnotes omitted).

"A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.' " Beard v. Kindler, 558 U.S. 53, 56 (2009) (quoting Coleman, 501 U.S. at 729).[1]  "A state rule provides an adequate and independent basis for precluding federal review if (1) the rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) their refusal was consistent with other decisions." Nara v. Frank, 488 F.3d 187, 199 (3d Cir. 2007) (citations omitted).  The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits.  See Wainwright v. Sykes, 433 U.S. 72, 81-82, 90 (1977).

The state court's decision not to consider Bernat's fourth claim resets on an

---

[1] Ordinarily, a state prisoner seeking federal habeas relief must first exhaust available state court remedies, thereby affording those courts "the first opportunity to address and correct alleged violations of [the] prisoner's federal rights." Coleman, 501 U.S., at 731.  The adequate and independent state ground doctrine furthers that objective, for without it, "habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court."  Id., at 732.

independent and adequate state law ground.  Specifically, "[a]n appellate brief must provide a discussion of the issue raised along with citations to pertinent legal authorities. Commonwealth v. Rodgers, 413 Pa.Super. 498, 605 A.2d 1228, 1239 (1992).  This court will not assume the role of advocate for an appellant when the issues in his brief are improperly raised and undeveloped or abandoned, lack support in the record, and are presented without reference to legal authority.  Commonwealth v. Stilley, 455 Pa.Super. 543, 689 A.2d 242, 246 n. 2 (1997)."  Commonwealth v. Vega, 2000 Pa. Super. 174, 754 A.2d 714, 719.  (2000). See also,  Commonwealth v. English, 699 A.2d 710, 714 n. 5 (Pa.1997) (noting issue included in statement of questions presented but not argued in text of brief is waived); Commonwealth v. LaCava, 666 A.2d 221, 229 n. 9 (Pa. 1995) (claim mentioned in statement of questions in direct capital appeal, but not mentioned again or developed in argument section of brief is waived); Commonwealth v. Price, 876 A.2d 988, 996 (Pa. Super. 2005) (issue identified on appeal but not properly developed in an appellate brief is waived).  Thus, the claim is procedurally defaulted and federal review is barred.

  Bernat again relies on Martinez in an effort to overcome the procedural bar. However, Martinez is in applicable because PCRA counsel is not responsible for the default. As noted above, the abandonment of this issue is solely attributable to Bernat.  Despite being represented by PCRA counsel, he filed his appeal with the Superior Court *pro se*.  The matter was remanded for the single purpose of determining whether Bernat intended to proceed *pro se* or with appointed counsel.  Instead of simply proceeding with the appeal after the appointment of new counsel, he chose to amend the petition and proceed *pro se* through the

14

remainder of the proceedings in the PCRA court and also on appeal.  It is clear that the procedural default is attributable to him, not PCRA counsel and he has not demonstrated, any cause or prejudice.  Nor has he shown that he will suffer any fundamental miscarriage of justice as a result of this Court's failure to review his claim. The petition will therefore be denied with respect to this claim.

## III.  Conclusion

For the reasons set forth above, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be denied.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003). Pettiioner fails to demonstrate that a COA should issue.

The denial of a certificate of appealability does not prevent Bernat from appealing the order dismissing his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals.  See FED. R. APP. P. 22(b)(1), (2).

A separate order will enter

**BY THE COURT:**


s/James M. Munley
**JUDGE JAMES M. MUNLEY
United States District Court**

Dated: May 18, 2016